NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRANXITION, INC., A DELAWARE CORPORATION,**
*Plaintiff-Appellant*

**v.**

**LENOVO (UNITED STATES) INC., A DELAWARE CORPORATION, MICRO FOCUS SOFTWARE, INC., A DELAWARE CORPORATION,**
*Defendants-Appellees*

---

2015-1907, 2015-1941, 2015-1958

---

Appeals from the United States District Court for the District of Oregon in Nos. 3:12-cv-01065-HZ, 3:12-cv-01404-HZ, Judge Marco A. Hernandez.

---

Decided: November 16, 2016

---

ARTHUR STEVEN BEEMAN, Arent Fox LLP, San Francisco, CA, argued for plaintiff-appellant. Also represented by JOEL MUCHMORE; DAYNA JEAN CHRISTIAN, Immix Law Group PC, Portland, OR.

TODD ERIC LANDIS, Vinson & Elkins LLP, Dallas, TX, argued for all defendants-appellees. Lenovo (United

States) Inc. also represented by ERIC JOSEPH KLEIN; FRED
WILLIAMS, Austin, TX.

STERLING A. BRENNAN, Maschoff Brennan Laycock
Gilmore Israelsen & Wright, Irvine, CA, for defendant-
appellee Micro Focus Software, Inc. Also represented by
LANNIE REX SEARS, Salt Lake City, UT.

—————————

Before PROST, *Chief Judge*, REYNA and CHEN, *Circuit Judges.*

PROST, *Chief Judge*.

Tranxition, Inc. ("Tranxition") appeals from a final decision of the United States Court for the District of Oregon finding that all claims of U.S. Patent No. 6,728,877 ("'877 patent") and U.S. Patent No. 7,346,766 ("'766 patent") are invalid because they are directed to ineligible subject matter under 35 U.S.C. § 101. For the reasons discussed below, we affirm.

BACKGROUND

The '877 patent and the '766 patent, which is a continuation from the '877 patent, concern computer system upgrades. Typically, a person's computer system contains many individualized settings, such as email addresses, desktop settings, and stored passwords. '877 patent col. 1 ll. 36–47. When a computer is replaced, those settings do not appear on the new computer by default. *See id.* at cols. 48–50. In order for a replacement computer to behave like its predecessor, consumers must manually "migrate" the settings on the old computer to the new computer, which is a time-consuming process, resulting in user frustration and lost productivity. *Id.* at col. 2 ll. 6–38. The '877 patent and the '766 patent propose to solve these problems by "automatic[ally] transitioning" these settings between computers. *Id.* at col. 1 ll. 19–21. This would provide an advantage over the prior art because

"[i]t is . . . desirable to provide an automatic migration of configuration settings from an old computing system to a new computing system without using a time consuming manual migration process." *Id.* at col. 2 ll. 41–44.

On June 15, 2012, Tranxition filed a complaint against Lenovo (United States) Inc. ("Lenovo"), asserting claims of both the '877 patent and the '766 patent. Shortly thereafter, Tranxition also asserted the patents against Novell, Inc. now known as Micro Focus Software, Inc. ("Micro Focus") in a separate action. Lenovo subsequently moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure arguing that all the patented claims were invalid because they were targeted to patent-ineligible subject matter under 35 U.S.C. § 101.

The district court agreed with Lenovo. First, it determined that the claims are directed to the abstract idea of "migrating" a user's configuration settings from one computer to another computer. J.A. 11. The district court then found that none of the claims contain an inventive concept sufficient to render the claims patent-eligible. Consequently, the district court granted Lenovo's motion for summary judgment and entered judgment in its favor.

After the summary judgment order became final, Micro Focus moved for judgment on the pleadings based on the summary judgment order. Finding that the order had preclusive effect over Tranxition, the court granted Micro Focus's motion and entered judgment in its favor.

Tranxition now appeals both orders. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

We review the grant of summary judgment under the same standard as the regional circuit, here the Ninth Circuit. *See Taurus IP, LLC v. DaimlerChrysler Corp.,*

726 F.3d 1306, 1322 (Fed. Cir. 2013). The Ninth Circuit reviews a grant of summary judgment de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Whether claims are directed to patent-eligible subject matter is a question of law, which we also review de novo. *Intellectual Ventures I LLC v. Symantec Corp.*, No. 2015-1769, 2016 WL 5539870, at \*2 (Fed. Cir. Sept. 30, 2016).

Under 35 U.S.C. § 101, "[w]hoever invents or discovers any new and useful process, machine, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." However, § 101 contains an implicit exception—"[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013) (internal quotation marks and citation omitted).

To determine whether a claim is patent-eligible, the Supreme Court has laid out a two-step framework. "First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014); *see McRO, Inc. v. Bandai Namco Games Am. Inc.*, No. 2015-1080, 2016 WL 4896481, at \*6 (Fed. Cir. Sept. 13, 2016). Second, if the claims are directed to patent-ineligible subject matter, we must determine if they contain an "inventive concept" "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice,* 134 S. Ct. at 2355 (internal quotation marks, citation, and alterations omitted).

## II

We consider claim 1 of the '877 patent representative of all claims for purposes of our analysis.

Claim 1 of the '877 patent reads:

1. A method in a computer system for preparing configuration settings for transfer from a source computing system to a target computing system, the method comprising:

providing configuration information about configuration settings on the source computing system, the configuration information including a name and location of each configuration setting;

generating an extraction plan that identifies configuration settings to be extracted from the source computing system, the generating including providing a list of configuration settings known to the source computing system and including identifying active configuration settings out of the provided list of configuration settings to be extracted from the source computing system;

extracting the active configuration settings of the extraction plan from the source computing system, the extracted configuration settings being located using the provided configuration information;

generating a transition plan that identifies configuration settings to be transferred from the source computing system to the target computing system, the generating including providing active configuration settings of the extraction plan and including identifying from the active configuration settings of the extraction plan active configuration settings to be transferred from the source computing system to the target computing; and

for each active configuration setting of the transition plan,

retrieving the extracted configuration settings identified as active configuration settings of the transition plan; and

transitioning one or more of the retrieved configuration settings from a format used on the source computing system to a format used on the target computing system.

'877 patent col. 17 ll. 28–62.

Under step one of *Alice*, we must first determine whether a claim is directed to a patent-ineligible concept. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016). For claims solely implemented on a computer, we have previously found it "relevant to ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea." *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016).

Here, it is undisputed that manual migration is an abstract idea. However, Tranxition argues that the district court erred when it determined that the claim is directed to the abstract idea of "migration" of computer settings. According to Tranxition, the claim is directed to "transitioning" settings from one computer to another, which is a specific software-based solution to a computer-based problem and "exceeds the abstract concept of migration." Appellant's Br. 36–37.

This argument is unconvincing. According to the specification, the patent is directed to solving problems arising out "migration," which was performed manually. '877 patent col. 2 ll. 6–38. To solve these problems, the patent proposes "automatic transitioning of configuration settings" as a solution, and explains "[i]t is . . . desirable to provide an *automatic migration* of configuration set-

tings from an old computing system to a new computing system." *Id.* at col. 1 ll. 19–20, col. 2 ll. 41–43 (emphasis added). Put another way, the stated aim of the patent is to automate the migration of data between two computers. This is not sufficient under step one of *Alice*. Contrary to Tranxition's argument, the claim is not directed to an improvement to computer functionality. There is nothing in the claim to suggest that, once settings have been transitioned, the target computer will be any more efficient. *Cf. Enfish*, 822 F.3d at 1338. The claim merely "transitions" data from one computer to another and thus automate the migration process. *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, 258 F.3d 1344, 1351 (Fed. Cir. 2014). Therefore, the claim is directed to the abstract idea of migration, or transitioning, of settings.

Having determined that the claim is directed to an abstract idea, we must next determine whether it contains "an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357. We hold that it does not.

Tranxition argues that the claims contain an inventive concept because a manual process would not necessarily capture all the configuration settings in a computer and that there is no record evidence showing that the automated transition process operates in the same way as a manual process. These arguments miss the mark. Though a computer could potentially have dozens, if not hundreds of settings across numerous applications, the claim language only requires one or more configuration settings. It does not provide a maximum number of settings. Further, it is not relevant that a human may perform a task differently from a computer. It is necessarily true that a human might apply an abstract idea in a different manner from a computer. What matters is the application. "Stating an abstract idea while adding the words 'apply it with a computer'" will

not render an abstract idea non-abstract. *See id.* at 2359. There must be more.

Here, the claim instructs a practitioner to (1) provide configuration information, (2) generate an extraction plan, (3) extract the configuration settings, (4) generate a transition plan, and (5) transition those settings to a new computer. These steps, both individually, and as an ordered combination, do not disclose an inventive concept. They merely describe a generic computer implementation, using "routine, conventional activities," of the abstract idea, "which is insufficient to transform the patent-ineligible abstract idea into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014).

Because they are directed to an abstract idea, and there is no inventive concept present, the claims of the '877 patent and the '766 patent are drawn to patent-ineligible subject matter and are therefore invalid under 35 U.S.C. § 101.[1]

---

[1]    Tranxition also argues that the district court erred in holding that the presumption of validity does not apply to challenges brought under 35 U.S.C. § 101 and failed to apply the clear and convincing evidentiary standard. In holding that the presumption of validity does not apply to challenges under § 101, the district court relied on a concurring opinion. *See* J.A. 8 (citing *Ultramercial*, 772 F.3d at 720 (Mayer, J., concurring). We are not persuaded that the district court was correct that a presumption of validity does not apply. We also do not address the proper evidentiary standard in this case as there do not appear to be any material facts in dispute. Moreover, under any applicable evidentiary standard, and regardless of the appropriate burden, the district court

CONCLUSION

For the foregoing reasons, we affirm the district court's conclusion that all of the claims of the '877 patent and the '766 patent are directed to patent-ineligible subject matter and are therefore invalid under 35 U.S.C. § 101.

**AFFIRMED**

---

did not err in holding that the claims are patent-ineligible under § 101.